IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ANTHONY A. GOODMAN,**         ) | **Civil Action No. 7:17cv00207** |
| Plaintiff,                                        ) | |
|                                                          ) | |
| v.                                                    ) | **MEMORANDUM OPINION** |
|                                                          ) | |
| **SWVRJA DUFFIELD**                 ) | |
| **MEDICAL DEPT.,**                      ) | **By: Norman K. Moon** |
| Defendant.                                  ) | **United States District Judge** |

Plaintiff Anthony A. Goodman, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming only the "SWVRJA Duffi[e]ld Medical Dept." as a defendant. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by *a person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (emphasis added). By order entered June 7, 2017, the court conditionally filed this action, advised Goodman that his complaint failed to state a claim against the named defendant, and gave him the opportunity to amend his complaint. The court warned Goodman that failure to amend the complaint to correct the deficiency would result in dismissal of the complaint. Goodman responded to the court's order but still only names the "SWVRJA Duffield Medical Dept." as a defendant. Because a medical department is not a legal entity, it is not a "person" subject to suit under § 1983, and Goodman cannot maintain this action against it. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."). Accordingly, I will dismiss Goodman's complaint without prejudice pursuant to 42 U.S.C. § 1997e(c)(1). I note that nothing in this opinion precludes Goodman from refiling his claims against any individuals who

may have violated his federal rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

    **ENTER**: This ___18th___ day of July, 2017.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

2